UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CYNTIA GREEN<br>19807 Wickfield Ave<br>Warrensville Heights, OH 44122<br><br>*On behalf of herself and all others similarly situated,*<br><br>　　　　Plaintiff,<br><br>　　*v.*<br><br>MERCY HOME HEALTHCARE<br>SERVICES, LLC<br>c/o Statutory Agent Magan Abraham<br>12800 Shaker Blvd. #220D<br>Cleveland, OH 44120<br><br>　　*and*<br><br>MAGAN ABRAHAM<br>12800 Shaker Blvd. #220D<br>Cleveland, OH 44120<br><br>　　　　Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Cyntia Green, by and through counsel, for her Class and Collective Action Complaint against Defendants Mercy Home Healthcare Services LLC (hereinafter "Mercy Home Healthcare") and Magan Abraham (hereinafter collectively referred to as "Defendants"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendants Mercy Home Healthcare and Magan Abraham that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n

action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this judicial district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Cyntia Green was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6. Defendant Mercy Home Healthcare is an Ohio for-profit limited liability company with its principal place of business in Cuyahoga County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Mercy Home Healthcare's statutory agent for service of process is Magan Abraham, 12800 Shaker Blvd. #220D, Cleveland, OH 44120.[1] Defendant Magan Abraham, upon information and belief, is a citizen of the United States and a resident of

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/2001366 (last accessed June 10, 2021).

Cuyahoga County, Ohio. Upon information and belief, Defendant Magan Abraham is an owner and administrator of Defendant Mercy Home Healthcare. Defendant Magan Abraham exercised daily operational control over Mercy Home Healthcare business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing overtime pay policies and practices, establishing rates of pay for employees, and issuing payroll to employees.

## FACTUAL ALLEGATIONS

### Defendants' Business

7. Defendant Mercy Home Healthcare is a home health agency providing hourly home health aides as well as nursing care and physical therapy.[2] Defendant Mercy Home Healthcare operates out of 12800 Shaker Blvd Suite #220D, Cleveland, OH 44120.

### Defendants' Statuses as Employers

8. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. §§ 4111.01, et seq., and employed non-exempt hourly employees, including Plaintiff and other members of the FLSA Collective and the Ohio Class.

9. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

10. Defendant Magan Abraham is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Mercy Home Healthcare, "in relation to employees," including Plaintiff and other members of the FLSA Collective and the Ohio Class. Defendant Magan Abraham is also an employer pursuant to

---

[2] *See* https://www.medicare.gov/care-compare/details/home-health/368478?id=67344d99-ee66-4b8c-86d8-67b02893d135&city=Cleveland&state=OH&zipcode=44120 (last accessed June 10, 2021).

O.R.C. Chapter 4111, and had operational control over significant aspects of Mercy Home Healthcare's day-to-day functions, including the compensation of employees.

11. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. Upon information and belief, Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's, the FLSA Collective's, and Ohio Class's Non-Exempt Employment Statuses with Defendants

13. Plaintiff Cyntia Green was employed by Defendants from approximately February 2020 to June 2021 as a home health aide.

14. At all times relevant, Plaintiff and other members of the FLSA Collective and the Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

15. At all times relevant, Plaintiff and other members of the FLSA Collective and the Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

16. Part of Plaintiff's and other members of the FLSA Collective's and the Ohio Class's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce.

17. In *Home Care Association of America, et al. v. Weil*, 78 F.Supp. 3d 123 (D.C. Cir. 2015), the District of Columbia Circuit Court of Appeals unanimously upheld the U.S. Department of Labor's Home Care Final Rule, effective January 1, 2015, which extended the overtime provisions of the FLSA to home care employees, including Plaintiff and other members of the FLSA Collective and the Ohio Class.

4

18. Effective January 1, 2015, home care employees, including Plaintiff and other members of the FLSA Collective and the Ohio Class are non-exempt employees, and must be compensated at one and one-half times their normal hourly rate for hours worked over forty (40) in a week.

### Defendants' Failure to Pay Overtime Compensation

19. During their employment with Defendants, Plaintiff and other members of the FLSA Collective and the Ohio Class were required to work substantial amounts of overtime.

20. Plaintiff Cyntia Green regularly worked 45 or more hours each workweek. For example, during the two-workweek pay period from February 14, 2021 to February 27, 2021, Plaintiff worked 95 hours, or at least 15 hours of overtime during this biweekly pay period.

21. Instead of compensating Plaintiff and other members of the FLSA Collective and the Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiff and other members of the FLSA Collective and the Ohio Class their regular, straight time hourly rates for all hours worked.

22. For example, during the two-workweek pay period from February 14, 2021 to February 27, 2021, Plaintiff worked 95 hours and was paid a straight-time rate of $11.00 per hour for 95 hours, for a total of $1,045.00. Defendants did not pay overtime compensation during this two-workweek pay period to Plaintiff Cyntia Green.

23. Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and the Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

24. Although Defendants suffered and permitted Plaintiff and other members of the FLSA Collective and the Ohio Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and other members of the FLSA Collective and the Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek.

25. As a result, Plaintiff and other members of the FLSA Collective and the Ohio Class were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

### The Willfulness of Defendants' Violations

26. Defendants knew that Plaintiff and other members of the FLSA Collective and the Ohio Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

27. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

### COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

30. The FLSA Collective consists of:

> All present and former non-exempt employees of Defendants who performed home care services during the period of three years preceding the commencement of this action to the present.

31. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

32. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

33. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 50 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former non-exempt employees of Defendants who performed home care services during the period of two years preceding the commencement of this action to the present.

36. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 50 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

37. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants paid overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek;
>
> Whether Defendants' conduct violates the Ohio Minimum Fair Wage Standards Act; and
>
> What amount of monetary relief will compensate Plaintiff and other members of the class for Defendants' violation of O.R.C. §§ 4111.03 and 4111.10.

38. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

39. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

40. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

44. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

45. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

46. Defendants did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

47. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

48. As a result of Defendants' violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

51. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

52. Defendants' failure to properly compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

53. These violations of Ohio law injured Plaintiff and other members of the FLSA Collective and the Ohio Class in that they did not receive wages due to them pursuant to that statute.

54. Having injured Plaintiff and other members of the FLSA Collective and the Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime

wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law. O.R.C. § 4111.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E. Award Plaintiff compensatory damages, prejudgment interest, her costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                  *s/ Ryan A. Winters*
                                                  Ryan A. Winters (0086917)