UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CYNTIA GREEN, *et al.*, | ) CASE NO. 1:21-CV-01166 |
| | ) |
| *On behalf of herself and all others similarly situated,* | ) JUDGE PAMELA A. BARKER |
| | ) |
| | ) **FINAL ORDER AND JUDGMENT** |
| Plaintiff, | ) **APPROVING SETTLEMENT** |
| | ) **AND DISMISSING ACTION** |
| *v.* | ) |
| | ) |
| MERCY HOME HEALTHCARE SERVICES, LLC, *et al.* | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement ("Joint Motion") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed *Agreement of Settlement and Release* ("Settlement Agreement") attached to the Joint Motion as Exhibit 1, as well as the Individual Payments Allocation Schedule attached as Exhibit 3.

Having reviewed the Settlement Agreement, as well as the pleadings and papers filed in this Action, and for good cause established therein, the Court enters this Final Order and Judgment approving the Settlement and dismissing the action, as follows:

1. Named/Representative Plaintiff Cyntia Green asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, as well as the wage laws of the State of Ohio, O.R.C. §§ 4111.01 *et seq.* Mercy Home Healthcare Services LLC and Magan Abraham (collectively "Defendants") have denied any such violations.

2. The Settlement will cover Plaintiff Cyntia Green and the participating employees as provided in the Settlement Agreement. The Court finds that the proposed Settlement is fair and

reasonable and satisfies the standard for approval under the FLSA, 29 U.S.C. § 216(b). There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and the Settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *18-19 (S.D. Ohio May 30, 2012); *Hill v. Medicare Transport, Inc.*, N.D.Ohio No. 5:19CV1582, 2019 U.S. Dist. LEXIS 182622, at *1-2 (Oct. 22, 2019); *Jackson v. Trubridge, Inc.*, N.D.Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D. Ohio Jan. 26, 2017).

3. The Court approves the Settlement Agreement, and orders that the Settlement Agreement be implemented according to its terms and conditions and as directed herein.

4. The Court finds that the total settlement amount, the Net Settlement Fund amount, as well as the Individual Allocation Payments Schedule which outlines each settlement participant's settlement share as described in the Settlement Agreement are fair and reasonable. The Court orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

5. The Court approves the proposed service award to Named Plaintiff Cyntia Green, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement. Such an award is justified by Plaintiff's efforts on behalf of other settlement participants and is consistent with awards in other wage and hour collective actions approved by courts within the Sixth Circuit and this District. *See Dillworth v. Case Farms Processing, Inc.*, N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (Mar. 8, 2010); *Alward v. Marriott Internatl., Inc.*, N.D.Ohio No. 1:18-cv-02337, 2019 U.S. Dist. LEXIS 199053, at *4 (Nov. 18, 2019).

6. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Settlement Agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement. Based on the evidence and arguments presented in the motion papers, the fee payment – which amounts to slightly less than one third of the total settlement fund – falls within the range of fees awarded by courts within this district and division in other FLSA settlements.

7. The Court dismisses this Action, and all claims in this matter, with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

8. As requested by the Parties in the Settlement Agreement, the Court retains jurisdiction over the Action to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

**SO ORDERED:**

Date: 4/26/2022

*Pamela A. Barker*
PAMELA A. BARKER
United States District Judge